STATE ENGINEERING SERVICE, INC., PLAINTIFF AND
RESPONDENT, v. THE TOWN OF KEVIN, JOSEPH AL-
STAD, MAYOR, T. N. FROST, J. F. COX, ROBERT MC-
KENZIE AND CHESTER JOHNSON, COUNCILMEN, DE-
FENDANTS AND APPELLANTS.

No. 11153.
Submitted November 7, 1966. Decided November 15, 1966.
420 P.2d 433.

John F. Bayuk (submitted on briefs), Shelby, for appellants.
Raymond Tipp and Vernon Hoven, Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment for the plaintiff. The plaintiff brought the action for an alleged breach of contract. The case was tried to the district court, sitting without a jury. Certain facts were stipulated to, and certain documentary evidence was received without objection.

The plaintiff-respondent is the State Engineering Service, Inc., and will be referred to as the plaintiff. The defendant-appellant is the Town of Kevin and will be referred to as the Town of Kevin.

The Town of Kevin is an incorporated town in Toole County, Montana. At the times that are relevant for a discussion of this case, Joseph Alstad was the Mayor, and T. N. Frost, J. F. Cox, Robert McKenzie, and Chester Johnson were the councilmen.

For sometime prior to January 19, 1959, the Town of Kevin, through its officers and agents, had been negotiating with the plaintiff for plans, specifications, and drawings for the construction and installation of a sewage collection and lagoon system for disposal of sewage in the Town of Kevin. These negotiations culminated in the execution of a written contract on January 19, 1959. James F. Cox, as acting Mayor, signed the contract for the Town of Kevin. The seal of the Town of Kevin was affixed to the contract.

Pursuant to the provisions of the contract, plaintiff prepared preliminary plans and specifications for the project. These preliminary plans and specifications were approved by the proper authorities, and plaintiff then prepared the final plans, drawings and specifications for the project. These final plans, drawings and specifications were approved by the Town of Kevin, by the Federal Housing and Home Finance Agency, and by the Montana State Board of Health.

On May 17, 1960, the parties to the contract executed an "addenda to contract between State Engineering Service and the Town of Kevin, Montana" to clarify and specify certain duties to be performed by the plaintiff in the performance of the contract. Joseph Alstad, the Mayor, signed the "addenda" as the representative of the Town of Kevin. This "addenda" was approved at a special meeting of the town council on the same date.

From January 19, 1959 to March 15, 1961, the Town of Kevin paid the plaintiff $2,160 for services rendered under the provisions of the contract.

The plaintiff fully performed all provisions and conditions required of it under the contract up unto March 15, 1961. On that date, the plaintiff was notified by the Town of Kevin, through its Mayor, that the Town of Kevin would proceed no further with the contract and that the same was considered terminated.

The plaintiff demanded the remainder of the money due it for services performed under the contract. The Town of Kevin refused. There is no dispute as to the amount of money that is owing under the terms of the contract. The Town of Kevin denies the validity of the contract since the minutes of the town council meetings do not disclose approval of the contract by motion, resolution, or by some other affirmative act.

Thus, the issue presented by this appeal is: Whether the Town of Kevin, in view of all its affirmative acts recognizing the contract, can deny its validity due to one alleged technical defect.

The Town of Kevin's denial of the validity of the contract is centered on the requirements of section 11-1014, R.C.M.1947, which reads in part: "The ayes and noes must be called and recorded on the * * * making [of] any contract * * *."

The documentary evidence received by the district court included the minutes of the town council meetings from January 1958 to March 1961. These minutes show that on January 12,

1959, the mayor, three councilmen, and an agent of the plaintiff were present at the town council meeting. A motion was made, seconded, and carried for the adoption of the resolution for the proposed sewer system. The district court found that this action by the town council "was intended by said mayor and council and said defendant Town to authorize and did authorize the making and execution of the contract in question, the actual signing of such contract on January 19, 1959, being only a formality in completion of the action taken at said meeting of January 12, 1959." The district court further found that this was "the routine and customary method and practice of defendant town council in taking and accomplishing any official action. * * *"

We are unable to accept the contention of the Town of Kevin that the contract is invalid because of the provisions of section 11-1014, supra. All actions of the Town of Kevin point to the conclusion that the contract had been approved by the town council. The contract was executed one week after the resolution for the sewer project was approved. The Town of Kevin accepted all the benefits under the contract. It made payments to the plaintiff in accordance with the contract. It made an amendment to the contract and approved this amendment at a town council meeting. In light of these facts we must come to the conclusion that the district court's findings of fact and conclusions of law are correct.

Finding no error, we affirm the judgment appealed from.

MRS. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES, concur.